# UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| SIXGEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Case No. 23-1827 <br><br> Hon. Eric G. Bruggink |

## HUNTER STRATEGY, LLC'S
## UNOPPOSED MOTION TO INTERVENE

As the awardee under the protested solicitation, Hunter Strategy, LLC, moves to intervene in this protest under RCFC 24(a). Neither Sixgen, Inc., nor the Government opposes this motion.

Court of Federal Claims rules require intervention, on timely motion, if the purported intervenor has an interest in the property or transaction at issue, "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest." RCFC 24(a)(2). These requirements "are to be construed in favor of intervention." *Sagam Securite Sen. V. United States*, 156 Fed. Cl. 124, 126 (2021) (citing *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)). And in the context of a bid protest, the court has recognized that a successful awardee has standing to intervene, "often as a matter of course with little debate." *Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778 n. 3 (2022).

Here, Hunter Strategy should be allowed to intervene.

Hunter Strategy's motion to intervene is timely—it comes only two days after Sixgen filed its protest and before any substantive response briefing has been filed. Moreover, Hunter Strategy has an interest in this action, as it is the awardee under the relevant solicitation, and the protest implicates Hunter Strategy's performance of the award.

1

Proceeding with this protest without Hunter Strategy's involvement will impair or impede Hunter Strategy's ability to protect its award. This is particularly true considering that no other party will adequately defend Hunter Strategy's interest—Sixgen's interest are opposed, and the Government is only responsible for protecting its own interests. *See Coastal Int'l Sec., Inc. v. United States*, 93 Fed. Cl. 502, 526 (2010) (allowing awardee to intervene in protest in part because the Government is not responsible for representing the awardee's interests).

Because Hunter Strategy timely seeks to intervene, it should be allowed to do so under RCFC 24(a). *Mail Transp., Inc. v. United States*, 2017 U.S. Claims LEXIS 920 *4–5 (2017).

***

Hunter Strategy's intervention will allow the Court to fully resolve this protest on its merits after considering arguments from all interested parties. Hunter Strategy should therefore be allowed to intervene.

October 19, 2023

*Of counsel*
Matthew T. Schoonover
John M. Mattox
Ian P. Patterson
Timothy J. Laughlin

Respectfully submitted,

 *s/ Matthew P. Moriarty*
Matthew P. Moriarty
SCHOONOVER & MORIARTY LLC
130 N. Cherry St. Ste. 300
Olathe, Kansas 66061
Telephone: (913) 354-2630
*mmoriarty@schoonoverlawfirm.com*

*Counsel for Hunter Strategy, LLC*