# In the United States Court of Federal Claims

No. 23-1827
(Filed: November 30, 2023)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SIXGEN, INC.,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant*,

and

HUNTER STRATEGY, LLC,

    *Defendant-Intervenor.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER

    This is a bid protest of the decision by the Administrative Office of the United States Courts ("the AO") to award a contract for providing cybersecurity services to the AO's Information Technology Security Office. Pending is the defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims. As we ruled at the conclusion of oral argument on November 29, 2023, the AO is not an "agency" as defined by 28 U.S.C. § 451 and therefore, the court lacks jurisdiction over this protest. Defendant's motion to dismiss is granted.

    In any case before the court, plaintiff must establish jurisdiction before the court can consider the merits of the complaint. Plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). When a party moves to dismiss for lack of subject matter jurisdiction, the court assumes that the undisputed facts in the complaint are true and

draws reasonable inferences in the plaintiff's favor.  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016).

The Tucker Act, our statutory grant of bid protest jurisdiction, gives this court jurisdiction to hear challenges to "a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  28 U.S.C. § 1491(b)(1).  This court's jurisdiction over bid protests, therefore, is limited to those involving contract awards made "by a Federal agency."  *Id.*

In *Emery Worldwide Airlines, Inc. v. United States*, 264 F.3d 1071 (Fed. Cir. 2001), the Federal Circuit noted that "[w]hile Title 28 of the United States Code does not define 'federal agency,' it does define 'agency'" in 28 U.S.C. § 451.  *Id.* at 1080.  Under this definition, "[t]he term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451.  *Emery* concluded that "'federal agency' as used in 28 U.S.C. § 1491(b)(1) falls within the ambit of 'agency' as used in 28 U.S.C. § 451."  *Id.*  We are bound by *Emery*, and therefore, if this court is to have jurisdiction over this action, the AO must qualify as one of the entities listed in 28 U.S.C. § 451.

The Court of Federal Claims has previously addressed this question in *Microgenics Corporation v. United States*, 152 Fed. Cl. 679 (2021).  There, following a thorough analysis, Judge Lettow concluded that the AO could not be characterized as any of the entities listed in 28 U.S.C. § 451, and therefore, that the AO was not a "federal agency" for purposes of this court's jurisdiction.  *Id.* at 683.  We find *Microgenics*' analysis persuasive and adopt it here.

For these reasons, the court lacks subject matter jurisdiction over this protest and the defendant's motion to dismiss is granted.  The clerk is directed to enter judgment for defendant and dismiss the case.

s/Eric G. Bruggink<br>
ERIC G. BRUGGINK<br>
Senior Judge